UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WENDY HILLS, | **CONSOLIDATED CASES** |
| Plaintiff, | |
| v. | Case No. 20-4037-TC |
| GERARD ARENSDORF, | |
| Defendant. | |
| BRENT HILLS, | |
| Plaintiff, | |
| v. | Case No. 20-4074-TC |
| GERARD ARENSDORF, | |
| Defendant. | |

## ORDER

Defendant, Gerard Arensdorf, has filed a motion for an extension of time to disclose his experts in this legal-malpractice case (ECF No. 52). The scheduling order, entered on December 2, 2020 (ECF No. 23), gave an April 15, 2021 deadline for defendant to disclose his experts. On April 13, 2021, the court granted defendant's unopposed motion for a one-month extension of this deadline, giving him until May 14, 2021 to disclose experts (ECF No. 39).

Defendant waited until May 14 to file the instant motion for another extension (ECF No. 52). The motion doesn't include any argument that the second request is made for

good cause. It merely references a separate motion to exclude plaintiffs' expert's opinions and motion for partial summary judgment, also filed on May 14, and states the court's decision on that motion "directly impacts whether defendant will engage an expert and which issues defendant will ask the expert to opine."[1] Defendant asks the court to allow him to disclose experts 30 days after the court rules on the motion to exclude plaintiffs' expert's opinion and motion for partial summary judgment, whenever that may be.

Plaintiffs jointly filed an opposition to the motion for extension (ECF No. 55). They point to the upcoming deadlines in this case and argue the deadlines shouldn't be moved at this stage. Further, they note the motion around which defendant makes his argument won't even be ripe until June 18, less than a week before the close of discovery. Defendant contends more deadlines can be moved "to allow plaintiffs the opportunity to depose defendant's expert in the event the court rules against defendant and defendant decides to engage an expert."[2] In his reply, he doubles down on requesting an indefinite extension to see what happens with the dispositive motions.[3]

Plaintiffs don't oppose a one-week extension but argue defendant's request for an open-ended extension is essentially a "wait-and-see approach."[4] The court agrees with plaintiff that defendant's proposed extension is unworkable and unreasonable. That's not

---

[1] ECF No. 52.

[2] ECF No. 56.

[3] *Id.*

[4] ECF No. 55.

how the court operates. Without more information, the court is left considering why defendant has waited until this point to ask for an indefinite extension. Whether it's that he does have his experts ready to disclose but wants to hold his cards close to the vest, or he doesn't have his experts ready to disclose at all, or he's actually decided to proceed to trial without any experts, in any event, he hasn't shown good cause for the extension.

IT IS THEREFORE ORDERED that defendant's motion (ECF No. 52) is denied.

Dated May 26, 2021, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
